**IN THE CIRCUIT COUTH SIXTH JUDICIAL CIRCUIT, IN AND FOR PINELLAS COUNTY, FLORIDA**

**WANDA SANTOS,**                    CASE NO.:

       Plaintiff,

**v.**

**ST. PETERSBURG COLLEGE,**

       Defendant.

_____/

## COMPLAINT

Plaintiff, Wanda Santos, by and through the undersigned attorneys, sues Defendant, St. Petersburg College, and alleges as follows:

1.    This is an action for damages that exceed $30,000, exclusive of court costs and attorney's fees.

2.    This is an action for compensatory and punitive damages due to National Origin discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq., and* the Civil Rights Act of 1991,42 U.S.C. § 1981a, *et seq.*, which effects the nature of claims and damages for cases brought pursuant to Title VII.

3.    The Court has jurisdiction to hear this cause pursuant to 42 U.S.C. § 2000e-5(f) and other applicable federal and laws.

4.    At all times relevant, Defendant was a public (State of Florida) college of higher education with its principal location in Pinellas County, Florida.

5.    At all times relevant, Plaintiff was a citizen of the United States.

***ELECTRONICALLY FILED 06/08/2022 10:39:11 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

6.  At all times relevant, Plaintiff was an "employee" and Defendant was an "employer" as contemplated by Title VII.

7.  At all times relevant, prior to July 31, 2021, Plaintiff was employed by Defendant in the capacity as a full- time Professor for and with Defendant's College of Education, a position she was hired into by Defendant on July 1, 2015.

8.  All acts giving rise to Plaintiff's claims occurred in Pinellas County, Florida

9.  Plaintiff is of Hispanic (Puerto Rican) National Origin.  Such Hispanic national origin is obvious by her physical appearance, by reference to her last name, and at all times was well-known to Defendant.

10. During her employ between July 2015 and June 2021 Plaintiff performed successfully at her work, and was even given an administrative position in addition to her teaching responsibilities, as instructor in charge for school partnerships.

12. During said six year period she always had satisfactory evaluations, and never received negative comments on any evaluations.

13. During said six year period she received numerous awards and was instrumental in raising the credentialing score of the College of Education.

14. Defendant conducts yearly evaluations of professors, such as Plaintiff, until their fifth year of employment.  After the fifth year the typical practice is to offer the professor a five-year continuing contract.  This process involves the Dean of the College of Education making a recommendation to the Board of Trustees as to whom should be selected for various contracts.

15. Plaintiff was eligible for consideration for a five-year contract in 2020 however, despite her exceptional performance in both her teaching and administrative positions was only offered a one-year contract, which to Plaintiff's knowledge was very rarely, if ever, offered. Plaintiff having no other option if she wished to remain employed, accepted the

one-year contract for the 2020-2021 school year.

16. In 2020, Defendant offered five-year contracts to two Caucasian professors, who were solely in teaching positions and lacked much of the accolades and experience that Defendant received throughout her employ.

17. In June of 2021, Defendant informed Plaintiff by mail that she was being placed on administrative leave until the end of her current contract and that she would not be offered a contract for the 2021-2022 school year stating that "the college is headed in a different direction". This effectively terminated Plaintiff's employ with Defendant.

18. Defendant placed Plaintiff on Administrative leave and refused to renew her contract because of Defendant's national origin and Defendant's preference to employ Caucasian employees and any other claimed cause by Defendant is pretextual.

19. On or about December 7, 2021 Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), Charge Number 511-2021-02031 wherein Plaintiff charged Defendant with National Origin discrimination in employment related to the failure to offer Plaintiff a continuing work contract by Defendant in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

20. The EEOC issued Plaintiff a notice of suit rights which allowed Plaintiff to bring the instant action against Defendant, a copy of which is attached to this complaint as "EXHIBIT A."

21. This action against Defendant is timely commenced because it was filed within 90 days of Plaintiff's receipt of his notice of suit rights letter.

22. As a result of Defendant's illegal race discrimination against Plaintiff, Plaintiff has suffered damages, and will suffer damages in the future, consisting of loss of back pay, interest on back pay, loss of front pay, loss of anticipated salary due to salary increases, loss of opportunity, emotional pain, suffering and inconvenience, and mental anguish.

23. Plaintiff has retained the undersigned attorney to assist her in prosecuting this matter and Plaintiff is entitled to recover her reasonable attorney's fees incurred therefor from Defendant should she be the prevailing party in this matter, and subject to any appropriate *Lonestar* multiplier.

24. Defendant engaged in the above-stated national origin discrimination as to Plaintiff with malice or reckless indifference to Plaintiff's federally-protected rights.

25. Defendant should be punished for it's actions towards Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the compensatory damages as alleged above, plus punitive damages, court costs, reasonable attorney's fees, and other legal and equitable relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

ALL FLORIDA JUSTICE, LLC

*[signature]*

_____
**Donald E. Pinaud, Jr.**
Fla. Bar No.: 111694
4530 St. John's Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 - Fax
AllFloridaJustice.com
Don@AllFloridaJustice.com
Attorneys for Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Dr. Wanda Santos
4224 Crayford Ct
LAND O LAKES, FL 34638

Charge No: 511-2021-02031

EEOC Representative and email:        My Linh Kingston
Federal Investigator
mylinh.kingston@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2021-02031.

On Behalf of the Commission:

*Evangeline Hawthorne*

Digitally signed by Evangeline Hawthorne
Date: 2022.03.29 09:02:16 -04'00'

EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(800) 669-4000
Website:  www.eeoc.gov

**Cc:**
Mark Levitt
ALLEN NORTON & BLUE
1477 West Fairbanks Ave, Ste. 100
Tampa, FL 33602

Mia Conza
Associate General Counsel
Saint Petersburg College
Downtown DC-E432
PO Box 13489
St. Petersburg, FL 33733

Don Pinaud
4530 St. Johns Ave.
Jacksonville, FL 32210

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 511-2021-02031 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Filing # 151072589 E-Filed 06/08/2022 10:39:12 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>  COUNTY, FLORIDA

<u>Wanda Santos</u>
Plaintiff

vs.

<u>Saint Petersburg College</u>
Defendant

Case # _____
Judge _____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the
Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.       NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ no
      ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☐ yes
      ☒ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
      ☐ yes
      ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of
my knowledge and belief, and that I have read and will comply with the requirements of
Florida Rule of Judicial Administration 2.425.

Signature: s/ Donald E Pinaud Jr        Fla. Bar # 111694
      Attorney or party            (Bar # if attorney)

Donald E Pinaud Jr          06/08/2022
  (type or print name)       Date

IN THE CIRCUIT COURT, SIXTH
JUDICIAL CIRCUIT, IN AND FOR
PINELLAS COUNTY, FLORIDA

**WANDA SANTOS**

      Plaintiff,

CASE NO: 22-002722-CI

vs.

**ST. PETERSBURG COLLEGE**

      Defendant.

_____/

## <u>SUMMONS</u>

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE**: You are commanded to serve this summons and a
copy of the Complaint in this lawsuit on the below-named Defendant.

DATED this _____ day of _____, _____.

                                      Ken Burke, CPA
                                      Clerk of the County Court

                            By:  <u>NOT ISSUED - PREVIOUSLY ISSUED FOR SAME PART</u>
                                    Deputy Clerk

TO: **ST. PETERSBURG COLLEGE**
     244 Second Ave N.
     St. Petersburg, FL 33701

## \*\*\* <u>IMPORTANT</u> \*\*\*

    You are required to serve written defenses to the attached
Complaint or Petition on the below-named Plaintiff's attorneys at
their stated address **within 20 days after you are served with
this summons**, exclusive of the day of service, and to file the
original of the defenses with the clerk of this Court either
before service on Plaintiff's attorneys, or immediately

Page 1 of  2

thereafter.  If you fail to do so, a default will be entered
against you for the relief demanded in the complaint.

**Donald E. Pinaud, Jr.**
Florida Bar No. 111694

**ALL FLORIDA JUSTICE, LLC**
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 (fax)
Don@AllFloridaJustice.com
Attorneys for Plaintiff(s)

IN THE CIRCUIT COURT, SIXTH
JUDICIAL CIRCUIT, IN AND FOR
PINELLAS COUNTY, FLORIDA

**WANDA SANTOS**

      Plaintiff,

CASE NO: 22-002722-CI

vs.

**ST. PETERSBURG COLLEGE**

      Defendant.

_____/

## <u>SUMMONS</u>

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE**: You are commanded to serve this summons and a
copy of the Complaint in this lawsuit on the below-named Defendant.

DATED this _____ day of <u>AUG 03 2022</u>, _____.



Ken Burke, CPA
Clerk of the County Court

By: _____
      Deputy Clerk

TO: **ST. PETERSBURG COLLEGE**
    244 Second Ave N.
    St. Petersburg, FL 33701

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

## <u>*** **IMPORTANT** ***</u>

    You are required to serve written defenses to the attached
Complaint or Petition on the below-named Plaintiff's attorneys at
their stated address **<u>within 20 days after you are served with
this summons</u>**, exclusive of the day of service, and to file the
original of the defenses with the clerk of this Court either
before service on Plaintiff's attorneys, or immediately

Page 1 of  2

thereafter.  If you fail to do so, a default will be entered
against you for the relief demanded in the complaint.

**Donald E. Pinaud, Jr.**
Florida Bar No. 111694

**ALL FLORIDA JUSTICE, LLC**
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 (fax)
Don@AllFloridaJustice.com
Attorneys for Plaintiff(s)

                                        **IN THE CIRCUIT COUTH SIXTH
                                        JUDICIAL CIRCUIT, IN AND FOR
                                        PINELLAS COUNTY, FLORIDA**

**WANDA SANTOS,**                       CASE NO.:2022-CA-002722

          Plaintiff,
**v.**


**BOARD OF TRUSTEES, ST. PETERSBURG COLLEGE,**

          Defendant.
_____/


                        <u>**AMENDED COMPLAINT**</u>

     Plaintiff, Wanda Santos, by and through the undersigned

attorneys, comes now and files this amended complaint as a matter

of right and sues Defendant, Board of Trustees, St. Petersburg

College, and alleges as follows:


     1.    This is an action for damages that exceed $30,000,
           exclusive of court costs and attorney's fees.

     2.    This is an action for compensatory damages due to
           National Origin discrimination in employment brought
           pursuant to Title VII of the Civil Rights Act of 1964,
           42 U.S.C. § 2000e, *et seq., and* the Civil Rights Act of
           1991,42 U.S.C. § 1981a, *et seq.*, which effects the
           nature of claims and damages for cases brought pursuant
           to Title VII.

     3.    The Court has jurisdiction to hear this cause pursuant
           to 42 U.S.C. § 2000e-5(f) and other applicable federal
           and laws.

     4.    At all times relevant, Defendant was a public (State of
           Florida) college of higher education with its principal
           location in Pinellas County, Florida.

     5.    At all times relevant, Plaintiff was a citizen of the

                        Page 1 of  5

United States.

6. At all times relevant, Plaintiff was an "employee" and Defendant was an "employer" as contemplated by Title VII.

7. At all times relevant, prior to July 31, 2021, Plaintiff was employed by Defendant in the capacity as a full- time Professor for and with Defendant's College of Education, a position she was hired into by Defendant on July 1, 2015.

8. All acts giving rise to Plaintiff's claims occurred in Pinellas County, Florida

9. Plaintiff is of Hispanic (Puerto Rican) National Origin.  Such Hispanic national origin is obvious by her physical appearance, by reference to her last name, and at all times was well-known to Defendant.

10. During her employ between July 2015 and June 2021 Plaintiff performed successfully at her work, and was even given an administrative position in addition to her teaching responsibilities, as instructor in charge for school partnerships.

12. During said six year period she always had satisfactory evaluations, and never received negative comments on any evaluations.

13. During said six year period she received numerous awards and was instrumental in raising the credentialing score of the College of Education.

14. Defendant conducts yearly evaluations of professors, such as Plaintiff, until their fifth year of employment.  After the fifth year the typical practice is to offer the professor a five-year continuing contract.  This process involves the Dean of the College of Education making a recommendation to the Board of Trustees as to whom should be selected for various contracts.

15. Plaintiff was eligible for consideration for a five-year contract in 2020 however, despite her exceptional performance in both her teaching and administrative positions was only offered a one-year contract, which to Plaintiff's knowledge was very

rarely, if ever, offered. Plaintiff having no other option if she wished to remain employed, accepted the one-year contract for the 2020-2021 school year.

16.   In 2020, Defendant offered five-year contracts to two Caucasian professors, who were solely in teaching positions and lacked much of the accolades and experience that Defendant received throughout her employ.

17.   In May of 2021, the Dean and Plaintiff spoke by telephone and in that conversation the Dean informed Plaintiff that Plaintiff would be offered an annual contract for the upcoming 2021/2022 academic year. Such advice by the Dean, however, was never genuine or accurate and was merely pretextual. The real purpose of the advice by the Dean was to create a sense for Plaintiff that she was not being discriminated against when in fact this was not true.

18.   A mere month later in June of 2021, Defendant informed Plaintiff by mail that she was being placed on administrative leave until the end of her current contract and that she would not be offered a contract for the 2021-2022 school year stating that "the college is headed in a different direction". This effectively terminated Plaintiff's employ with Defendant.

19.   Defendant placed Plaintiff on Administrative leave and refused to renew her contract because of Defendant's national origin and Defendant's preference to employ Caucasian employees and any other claimed cause by Defendant is pretextual. Indeed, until her contract was non-renewed Plaintiff was the only person working in her job capacity of Hispanic National Origin and after her contract was non-renewed there were at least at that time no persons working in the same capacity as Plaintiff of Hispanic National Origin. In fact, the preference for Caucasian employees was established and had existed since at least when Defendant demonstrated such preference by issuing five year contracts to Caucasian employees a year earlier.

20.   On or about December 7, 2021 Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), Charge Number 511-2021-02031 wherein Plaintiff charged Defendant with National Origin discrimination in employment related to

the failure to offer Plaintiff a continuing work
contract by Defendant in contravention of Title VII of
the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

21.   The EEOC issued Plaintiff a notice of suit rights which
allowed Plaintiff to bring the instant action against
Defendant, a copy of which is attached to this
complaint as "EXHIBIT A."

22.   This action against Defendant is timely commenced
because it was filed within 90 days of Plaintiff's
receipt of his notice of suit rights letter. This
amended complaint is amended partly to correct the name
of Defendant. Such error in the original complaint as
to the name of Defendant was merely typographical in
nature, however, even if the name change would be
deemed substantive Defendant is still properly named
and timely sued under the doctrine of relation back.

23.   As a result of Defendant's illegal National Origin
discrimination against Plaintiff occurring in June
2021, Plaintiff has suffered damages, and will suffer
damages in the future, consisting of loss of back pay,
interest on back pay, loss of front pay, loss of
anticipated salary due to salary increases, loss of
opportunity, emotional pain, suffering and
inconvenience, and mental anguish.

24.   Plaintiff has retained the undersigned attorney to
assist her in prosecuting this matter and Plaintiff is
entitled to recover her reasonable attorney's fees
incurred therefor from Defendant should she be the
prevailing party in this matter, and subject to any
appropriate *Lonestar* multiplier.

25.   Defendant engaged in the above-stated national origin
discrimination as to Plaintiff with malice or reckless
indifference to Plaintiff's federally-protected rights.

**WHEREFORE,** Plaintiff demands judgment against Defendant for

the compensatory damages as alleged above, court costs,

reasonable attorney's fees, and other legal and equitable relief

the Court deems just and proper.

Page 4 of  5

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


**ALL FLORIDA JUSTICE, LLC**

_____
**Donald E. Pinaud, Jr.**
Fla. Bar No.: 111694
4530 St. John's Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 - Fax
AllFloridaJustice.com
Don@AllFloridaJustice.com
Attorneys for Plaintiff

Page 5 of  5

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Dr. Wanda Santos
4224 Crayford Ct
LAND O LAKES, FL 34638

Charge No: 511-2021-02031

EEOC Representative and email:        My Linh Kingston
Federal Investigator
mylinh.kingston@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2021-02031.

On Behalf of the Commission:

*Evangeline Hawthorne*

Digitally signed by Evangeline
Hawthorne
Date: 2022.03.29 09:02:16 -04'00'

EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(800) 669-4000
Website:  www.eeoc.gov

**Cc:**

Mark Levitt
ALLEN NORTON & BLUE
1477 West Fairbanks Ave, Ste. 100
Tampa, FL 33602

Mia Conza
Associate General Counsel
Saint Petersburg College
Downtown DC-E432
PO Box 13489
St. Petersburg, FL 33733

Don Pinaud
4530 St. Johns Ave.
Jacksonville, FL 32210

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 511-2021-02031 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.